UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryan Johnson,<br><br>         Plaintiff,<br><br>v.<br><br>City of San Diego,<br><br>         Defendant. | Case No.: 15cv1039-H-JLB<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE HEARING AND DEADLINES FOR RULE 35 EXAMINATION**<br><br>**[ECF No. 53]** |

  On March 30, 2016, an amended scheduling order issued in this case in which the Court set a June 3, 2016 deadline for the parties to complete all discovery. (ECF No. 35, ¶1.) On May 31, 2016, Plaintiff filed a joint motion on behalf of the parties seeking a 30-day extension of pre-trial deadlines to allow the parties time to, among other things, conduct the Defense Medical Examination of Plaintiff Bryan Johnson. (ECF No. 41.) The parties represented the Medical Examination was set to proceed on May 23, 2016 "per stipulation with [Plaintiff's] counsel," but that Plaintiff failed to attend the Medical Examination. (*Id.*) The parties further represented that that the next available date with Defendant's neuropsychologist, Dr. Dean Delis, to conduct the Medical Examination was June 6, 2016. (*Id.*) The parties did not file a copy of their stipulation to proceed with the Medical Examination in connection with their joint motion. (*Id.*)

  Given the time-sensitive nature of the parties' joint motion for an extension of the pre-trial deadlines, the Court set a telephonic oral argument hearing on the joint motion for Friday, June 3, 2016 (three days after Plaintiff filed the joint motion on behalf of the

parties).  (ECF No. 43.)  A telephonic oral argument hearing was held on June 3, 2016.  (ECF No. 45.)  At the hearing, Magistrate Judge Jill L. Burkhardt raised concerns that the joint motion for an extension of the pre-trial deadlines was untimely.  Plaintiff agreed that the motion was untimely and represented that he was withdrawing his motion at that time.  Defendants, on the other hand, asked to be heard on the motion.

Defendants argued there was good cause to complete the Medical Examination of Plaintiff outside the discovery period because it is important to the issues in the case, they diligently pursued it, and the only reason it had not been completed before the discovery cut-off was because Plaintiff failed to show up.  Defendants represented that the Examination was initially scheduled to occur within the discovery period, that Plaintiff was provided with 6 weeks advance notice of the Examination, and that Plaintiff failed to attend the Examination without providing advance notice to Defendants.  In response, Plaintiff argued that Defendants did not have good cause to complete the Examination outside the discovery period.  He argued that they should have accepted his offer to start late on May 23, 2016.  Having missed his 9:00 AM appointment time, Plaintiff offered to proceed with the Examination at 12:00 PM, but Defendants declined.  Plaintiff also claimed that he did not realize that the Examination was scheduled to take 8 hours and did not think his client should be subjected to an eight-hour DME because Defendants already possessed the raw test data from Plaintiff's medical expert.

Magistrate Judge Jill L. Burkhardt concluded that there was good cause to grant Defendants leave to extend the discovery deadline as to the DME only, so that Defendants could proceed with the Medical Examination of Plaintiff with Defendants' neuropsychologist, Dr. Dean Delis, on Monday, June 6, 2016.  In so holding, the Court found that it was inexcusable for Plaintiff to show up 3 hours late to an 8 hour examination.  In addition, Judge Burkhardt held that there was not good cause to extend the schedule for any other purpose.

Addressing Plaintiff's oral objections to the Examination, Judge Burkhardt explained that the only thing before the Court was Defendants' motion to extend the

discovery deadline and the Court's order was limited to granting the parties leave to conduct the Examination on June 6, 2016 despite the June 3, 2016 discovery deadline. The Court explicitly stated that it was not expressing an opinion on Plaintiff's new objections to the examination or its scope, including whether any such objections were timely or may have been waived. Those issues were not raised in the joint motion to extend pre-trial deadlines, and thus, not properly before the Court. The Court instructed the parties to stay on the telephone and meet and confer in light of Plaintiff's change in position so close to the date previously agreed upon for the continued Examination.

On June 13, 2016, the parties appeared for the Mandatory Settlement Conference in this case. Defendants requested a discovery conference before Magistrate Judge Jill L. Burkhardt. Judge Burkhardt held a discovery conference with the parties prior to commencing the Settlement Conference. (ECF No. 50.) Defendants represented that Plaintiff had failed to appear at his continued Examination on June 6, 2016 and Defendants sought to compel Plaintiff to attend an examination on the next date available to the defense neuropsychologist: July 11, 2016. Plaintiff indicated that he had withdrawn his consent to the DME and therefore Plaintiff was under no obligation to attend the Examination on June 6, 2016. Judge Burkhardt told the parties that a written motion would be required. Defendants indicated they could file their motion by the next day. Plaintiff requested two weeks to respond. In light of the short time until the proposed examination date of July 11, 2016, the Court ordered Defendants to file their motion by June 14, 2016 and ordered Plaintiff to file his opposition by June 24, 2016. Any reply by Defendants was to be filed by June 28, 2016. Plaintiff expressed no further concerns with respect to the briefing schedule.

A scheduling order issued on June 13, 2016, setting forth the briefing schedule discussed at the discovery conference. (*See* ECF No. 50.) Defendants timely filed their Motion to Compel Rule 35 Medical Examination and Request for Sanctions. (ECF No. 52.) Plaintiff failed to file an opposition by June 24, 2016. On June 27, 2016, the Court granted Defendants' Motion to Compel Rule 35 Medical Examination and Request for

Sanctions as Plaintiff failed to oppose the motion and, alternatively, because Defendants demonstrated good cause for the relief they sought.[1]  (ECF No. 54.)

Subsequent to the signing and submission for filing of this Court's June 27, 2016, Order granting Defendants' Motion to Compel Rule 35 Medical Examination and Request for Sanctions (ECF No. 54), the parties filed an untimely joint motion seeking a continuance of both the June 24, 2016 deadline for Plaintiff to oppose Defendant's Motion and the June 30, 2016 hearing date for Defendant's Motion.  (ECF No. 53.)  "Timely requests [to extend time] will be granted only upon a showing of good cause. . . . Untimely requests will be granted only upon a showing of both good cause and excusable neglect for the party's failure to act before time had expired." (*U.S.M.J. Jill L. Burkhardt's Civ. Chambers Rules*, §VII (citing Fed. R. Civ. P. 6(b), 16(b)(4)).)  The joint motion does not even address why additional time is requested, much less set forth good cause for the request.   Furthermore, the parties filed the Joint Motion three days after Plaintiff's deadline to file his opposition and the joint motion does not provide excusable neglect for failing to file before the June 24, 2016 filing deadline had passed.  Therefore, the Joint Motion (ECF No. 53) presently before the Court is **DENIED**.  *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification [of a scheduling order]. If that party was not diligent, the inquiry should end.").

Dated:  June 28, 2016

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[1] As required by Fed. R. Civ. P. 35, Defendant demonstrated good cause, including that Plaintiff has placed his neuropsychological and neurological status in controversy.